UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

AMADY CAMARA, MAMADOU
COULIBALY, BOCAR DIALLO, ABRAHAM
DIAMOLAYE, GOUMBA ABDOU
DIOKHANE, MOUHAMADOU L. FALL,
ADAMA KANE, SERIGNE KEBE, and
MAMADOU SY, individually and in behalf of
all other persons similarly situated,

     Plaintiffs,

16 CV 5674 (DLI) (PK)

–against–

G&B GLAUBER BROTHERS MENS &
BOYS CLOTHING INC., GB CLOTHING
INTERNATIONAL LLC, and ABRAHAM
BIERMANS, jointly and severally,

     Defendants.

## ORDER APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT

  Upon motion to approve a class action settlement, the Court:

  1.  Grants final approval of the Settlement Agreement and Release ("Settlement Agreement") attached as Exhibit 1 to this Order;

  2.  Acknowledges that the Notice of Proposed Settlement and Class Action Lawsuit and Fairness Hearing, approved on September 16, 2020 (ECF No. 71), was sent to class members by October 1, 2020, and that the class members were given a fair and full opportunity to be heard at the fairness hearing held on November 16, 2020;

  3.  Acknowledges that no class members have come forward to object to the Settlement Agreement;

  4.  Approves the Settlement Agreement as fair as to the Fair Labor Standards Act Collective Action Members;

1

5. Approves the Settlement Agreement as fair to the members of the New York Labor Law, Federal Rule of Civil Procedure 23 Class;

6. Approves the payment schedule contained in the Proposed Stipulation of Settlement, ECF No. 59, ¶7(b), whereby the first payment of 30% of the total Settlement Amount is due 30 days from the date of final approval;

7. Approves the Award of Attorneys' Fees under the Settlement agreement; and

8. Approves the Service Fee allocation to Mamadou Coulibaly; and

9. Approves the Administration Fee of $3,1180.80 to be paid to Class Counsel, The Law Office of Justin A. Zeller, P.C., which is an amount paid in addition to the amounts described in the Settlement Agreement.

SO ORDERED.

Dated: _____    _____
         Brooklyn, New York                Peggy Kuo
                                           United States Magistrate Judge

# AGREEMENT AND LIMITED RELEASE

This Agreement and Limited Release ("Agreement") is made by between and among: Amady Camara, Mamadou Coulibaly, Bocar Diallo, Abraham Diamolaye, Goumba Abdou Diokhane, Mouhamadou L. Fall, Adama Kane, Serigne Kebe, and Mamadou Sy (hereafter referred to as "Named Plaintiffs") and all "class claimants" as defined in the Stipulation of Settlement (The "Stipulation") of an action entitled <u>Camara, et al, v. G&B Glauber Bothers Mens & Boys Clothing, Inc., et al.</u>, bearing docket number 16 CV 5674 (the "Class Action"), pending before Judge Irrizarry of the United States District Court for The Eastern District of New York (hereafter referred to as "Releasor"); and G&B Glauber Brothers Mens & Boys Clothing Inc., Gb Clothing International LLC (jointly referred to herein as ("GB"), and Abraham Biermans ("Bierman"), (Bierman and GB jointly referred to herein as "Releasee"); The term Releasee herein includes each, every and any entity affiliated with Releasee, as well as their agents, employees, elected officials, officers, successors, and assigns, both individually and in their official capacities, and thereby includes all such persons affiliated with Releasees and all Defendants in the Class Action.

In return for the good and sufficient consideration set forth below, the Releasor and Releasee (jointly referred to herein as "the Parties") hereto agree to the following:

1. GB shall pay Releasor in accordance with the terms set forth in the Stipulation. Each Releasor binds himself to the terms of this Agreement and Release upon the negotiation of any payment made pursuant to the Stipulation. Any Releasor who does not "opt out" in accordance with the Stipulation is similarly bound, regardless of whether said Releasor negotiates any payment made under the Stipulation.

- In consideration of the payment of the Settlement Amount, class claimants hereby release and forever discharge Defendants as well as its current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Class Members to be "employers," both individually and in their official capacities, as well as Defendants' parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including but not limited to service and program partners, vendors, and business partners (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all claims in the Complaint including, but not limited to, their claims that (i) they were not paid or underpaid for the minimum wage or overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and the N.Y. Labor Law; (ii) they were not paid or underpaid for minimum wage (29 U.S.C. § 206; N.Y. Labor Law § 650 *et seq*.), maximum hours, frequency of pay (N.Y. Labor Law § 191), overtime compensation (19 U.S.C. § 207), spread-of-hours wages (12 N.Y.C.R.R. § 142), prohibited acts (29 U.S.C. § 215), damages, including attorneys' fees and costs (29 U.S.C. § 216(b)), tipped employees (29 C.F.R. § 51.52), posting requirements (29 C.F.R. 116.4), reimbursement of purchasing a required uniform and wages subject to unlawful deductions, pursuant to New York Labor Law §§ 650 *et seq*. & 191, as well as any other related state or federal statutes and regulations; and (iii) that they did not receive proper wage statements and notices pursuant to Wage Theft Prevention Act, New York Labor Law § 195(1)–(3).

2. Each person comprising Releasor promises and represents that he will withdraw or otherwise seek to be discontinued, with prejudice, any and all outstanding administrative complaints or charges, filed with federal, state and local agencies/administrative bodies and will also withdraw or discontinue with prejudice all judicial actions, lawsuits, claims, counterclaims, demands, appeals or actions pending against Releasees, including, but not limited to the Class Action; and will not accept any other money from any internal or external administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on Releasor's employment with Releasee through the date of this Agreement and Limited Release.

3. Nothing in this Agreement shall be construed to restrict any communications or participation Releasor may have with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law. Releasor understands that although they are not prohibited from filing a charge or complaint against Releasee with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law; by virtue of this Agreement, Releasor waives any right to recover monetary damages in any charge, complaint or lawsuit filed by Releasor or anyone else on Releasors' behalf.

4. Each party hereto agrees and understands that nothing contained in this Agreement and Limited Release is an admission by any party of any liability, breach of duty or unlawful conduct whatsoever or violation of any local, state or federal law, regulation or ordinance. To the contrary, each party specifically denies any wrongdoing whatsoever. In order to avoid wasting unnecessary time and expense and to reach an amicable resolution, each party hereto enters into this Agreement and Limited Release.

5. This Agreement and Limited Release may not be modified, altered or changed except upon express written consent of both Releasors and Releasees.

6. Releasor, by their representatives, the signatories hereto, represents that it and they are and were advised to consult legal counsel regarding this Agreement and Limited Release and has done so.

7. This Agreement and Limited Release may be executed in counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute the same instrument.

8. All prior negotiations, agreements, and understandings of the parties are superseded by this Agreement and General Release.

9. No waiver or modification of any provision of this Agreement and Limited Release shall be valid unless in writing and signed by the parties.

10. Whenever used in this Agreement and Limited Release, the singular word shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders. This Limited Release shall not be interpreted in favor of, or against, either party because of such party having drafted this Limited Release.

11. This Agreement and Limited Release shall be subject to and governed by the laws of the State New York without giving effect to principles of conflicts of law.

12. If any term or provision of this Agreement and Limited Release, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement and Limited Release, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall

not be affected thereby, and each term and provision of this Agreement and Limited Release shall be valid and be enforced to the fullest extent permitted by law.

13.     Releasor agrees to execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Limited Release.

14.     Exhibit A to this agreement is a payment schedule showing names of all class claimants and the amount of money each class claimant will receive, in gross, after a proportional amount of $5,000.00 is deducted as service fee for Mamadou Coulibaly.

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____          _____
                                        AMADY CAMARA

Dated: _____          _____
                                        MAMADOU COULIBALY

Dated: _____          _____
                                        BOCAR DIALLO

Dated: _____          _____
                                        GOUMBA ABOU DIOKHANE

Dated: _____          _____
                                        MOUHAMADOU L. FALL

Dated: _____          _____
                                        ADAMA KANE

Dated: _____          _____
                                        SERIGNE KEBE

Dated: _____          _____
                                        MAMDOU SY

844099-1                                - 5 -

not be affected thereby, and each term and provision of this Agreement and Limited Release shall be valid and be enforced to the fullest extent permitted by law.

13. Releasor agrees to execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Limited Release.

14. Exhibit A to this agreement is a payment schedule showing names of all class claimants and the amount of money each class claimant will receive, in gross, after a proportional amount of $5,000.00 is deducted as service fee for Mamadou Coulibaly.

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____     _____
                            AMADY CAMARA

Dated: _____     _____
                            MAMADOU COULIBALY

Dated: _____     _____
                            BOCAR DIALLO

Dated: _____     _____
                            GOUMBA ABOU DIOKHANE

Dated: _____     _____
                            MOUHAMADOU L. FALL

Dated: _____     _____
                            ADAMA KANE

Dated: _____     _____
                            SERIGNE KEBE

Dated: _____     _____
                            MAMDOU SY

Dated: 6/09/2020            *ABraHam*
                            Abraham Diamolaye

844099-1                    - 5 -

not be affected thereby, and each term and provision of this Agreement and Limited Release shall be valid and be enforced to the fullest extent permitted by law.

13. Releasor agrees to execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Limited Release.

14. Exhibit A to this agreement is a payment schedule showing names of all class claimants and the amount of money each class claimant will receive, in gross, after a proportional amount of $5,000.00 is deducted as service fee for Mamadou Coulibaly.

THERFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____  _____
AMADY CAMARA

Dated: 06-19-20  *Mamadou Coulibaly*
MAMADOU COULIBALY

Dated: _____  _____
BOCAR DIALLO

Dated: _____  _____
GOUMBA ABOU DIOKHANE

Dated: _____  _____
MOUHAMADOU L. FALL

Dated: _____  _____
ADAMA KANE

Dated: _____  _____
SERIGNE KEBE

Dated: _____  _____
MAMDOU SY

not be affected thereby, and each term and provision of this Agreement and Limited Release shall be valid and be enforced to the fullest extent permitted by law.

13. Releasor agrees to execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Limited Release.

14. Exhibit A to this agreement is a payment schedule showing names of all class claimants and the amount of money each class claimant will receive, in gross, after a proportional amount of $5,000.00 is deducted as service fee for Mamadou Coulibaly.

THERFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____   _____
                         AMADY CAMARA

Dated: _____   _____
                         MAMADOU COULIBALY

Dated: _____   _____
                         BOCAR DIALLO

Dated: 8-6 2020 GOUMBA·A DIOKHANE
                         _____
                         GOUMBA ABOU DIOKHANE

Dated: _____   _____
                         MOUHAMADOU L. FALL

Dated: _____   _____
                         ADAMA KANE

Dated: _____   _____
                         SERIGNE KEBE

Dated: _____   _____
                         MAMDOU SY

844099-1                 -5-

not be affected thereby, and each term and provision of this Agreement and Limited Release shall be valid and be enforced to the fullest extent permitted by law.

13. Releasor agrees to execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Limited Release.

14. Exhibit A to this agreement is a payment schedule showing names of all class claimants and the amount of money each class claimant will receive, in gross, after a proportional amount of $5,000.00 is deducted as service fee for Mamadou Coulibaly.

**THERFORE**, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____   _____
                                  AMADY CAMARA

Dated: _____   _____
                                  MAMADOU COULIBALY

Dated: _____   _____
                                  BOCAR DIALLO

Dated: 8-6 2020 GOUMBA·A DIOKHANE
                                  _____
                                  GOUMBA ABOU DIOKHANE

Dated: _____   _____
                                  MOUHAMADOU L. FALL

Dated: _____   _____
                                  ADAMA KANE

Dated: _____   _____
                                  SERIGNE KEBE

Dated: _____   _____
                                  MAMDOU SY

844099-1                          - 5 -

not be affected thereby, and each term and provision of this Agreement and Limited Release shall be valid and be enforced to the fullest extent permitted by law.

13. Releasor agrees to execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Limited Release.

14. Exhibit A to this agreement is a payment schedule showing names of all class claimants and the amount of money each class claimant will receive, in gross, after a proportional amount of $5,000.00 is deducted as service fee for Mamadou Coulibaly.

THERFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____  _____
AMADY CAMARA

Dated: _____  _____
MAMADOU COULIBALY

Dated: _____  _____
BOCAR DIALLO

Dated: _____  _____
GOUMBA ABOU DIOKHANE

Dated: _____  _____
MOUHAMADOU L. FALL

Dated: 6/9/20  *Adama Kane*
ADAMA KANE

Dated: _____  _____
SERIGNE KEBE

Dated: _____  _____
MAMDOU SY

844099-1                                    - 5 -



not be affected thereby, and each term and provision of this Agreement and Limited Release shall be valid and be enforced to the fullest extent permitted by law.

13. Releasor agrees to execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Limited Release.

14. Exhibit A to this agreement is a payment schedule showing names of all class claimants and the amount of money each class claimant will receive, in gross, after a proportional amount of $5,000.00 is deducted as service fee for Mamadou Coulibaly.

THERFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 6/10/20        *AMADY CAMARA*
                      AMADY CAMARA

Dated: _____        _____
                      MAMADOU COULIBALY

Dated: _____        _____
                      BOCAR DIALLO

Dated: _____        _____
                      GOUMBA ABOU DIOKHANE

Dated: _____        _____
                      MOUHAMADOU L. FALL

Dated: 6/9/20         *Adama Kane*
                      ADAMA KANE

Dated: _____        _____
                      SERIGNE KEBE

Dated: _____        _____
                      MAMDOU SY

844099-1              - 5 -

not be affected thereby, and each term and provision of this Agreement and Limited Release shall be valid and be enforced to the fullest extent permitted by law.

13. Releasor agrees to execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Limited Release.

14. Exhibit A to this agreement is a payment schedule showing names of all class claimants and the amount of money each class claimant will receive, in gross, after a proportional amount of $5,000.00 is deducted as service fee for Mamadou Coulibaly.

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____    _____
                                                        AMADY CAMARA

Dated: _____    _____
                                                        MAMADOU COULIBALY

Dated: _____    _____
                                                        BOCAR DIALLO

Dated: _____    _____
                                                        GOUMBA ABOU DIOKHANE

Dated: __6/8/20_____    _____
                                                        MOUHAMADOU L. FALL

Dated: _____    _____
                                                        ADAMA KANE

Dated: _____    _____
                                                        SERIGNE KEBE

Dated: _____    _____
                                                        MAMDOU SY

844099-1                                              - 5 -

be valid and be enforced to the fullest extent permitted by law.

13. Releasor agrees to execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Limited Release.

14. Exhibit A to this agreement is a payment schedule showing names of all class claimants and the amount of money each class claimant will receive, in gross, after a proportional amount of $5,000.00 is deducted as service fee for Mamadou Coulibaly.

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____          _____
                                AMADY CAMARA

Dated: _____          _____
                                MAMADOU COULIBALY

Dated: 12-6-20                  Bocar Diallo
                                BOCAR DIALLO

Dated: _____          _____
                                GOUMBA ABOU DIOKHANE

Dated: _____          _____
                                MOUHAMADOU L. FALL

Dated: _____          _____
                                ADAMA KANE

Dated: _____          _____
                                SERIGNE KEBE

Dated: _____          _____
                                MAMDOU SY

-5-

99-1

not be affected thereby, and each term and provision of this Agreement and Limited Release shall be valid and be enforced to the fullest extent permitted by law.

13. Releasor agrees to execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Limited Release.

14. Exhibit A to this agreement is a payment schedule showing names of all class claimants and the amount of money each class claimant will receive, in gross, after a proportional amount of $5,000.00 is deducted as service fee for Mamadou Coulibaly.

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____     _____
                                    AMADY CAMARA

Dated: _____     _____
                                    MAMADOU COULIBALY

Dated: _____     _____
                                    BOCAR DIALLO

Dated: _____     _____
                                    GOUMBA ABOU DIOKHANE

Dated: 6/8/20                       _____
                                    MOUHAMADOU L. FALL

Dated: _____     _____
                                    ADAMA KANE

Dated: 06 17 2020                   Serigne Kebe
                                    SERIGNE KEBE

Dated: _____     _____
                                    MAMDOU SY

844099-1                            -5-

Dated: 6/17/2020

_____
SHLOMIE BIERMAN
*On behalf of G&B GLAUBER BROTHERS MENS & BOYS CLOTHING INC., GB CLOTHING INTERNATIONAL LLC*

Dated: 6/17/2020

_____
ABRAHAM BIERMANS
*Individually and on behalf of G&B GLAUBER BROTHERS MENS & BOYS CLOTHING INC., GB CLOTHING INTERNATIONAL LLC*

Dated: _____   _____
                                SHLOMIE BIERMAN
                                *On behalf of G&B GLAUBER BROTHERS MENS & BOYS CLOTHING INC., GB CLOTHING INTERNATIONAL LLC*

Dated: _____   _____
                                ABRAHAM BIERMANS
                                *Individually and on behalf of G&B GLAUBER BROTHERS MENS & BOYS CLOTHING INC., GB CLOTHING INTERNATIONAL LLC*

# EXHIBIT A

| | |
|---|---:|
| Abdoulaye Djibril | $2,461.11 |
| Abdoulaye Sy | $360.16 |
| Abraham Diamolaye | $16,630.56 |
| Adama kane | $16,630.56 |
| Ali diallo | $9,067.15 |
| Amady Camara | $17,711.04 |
| Baidy Deme | $15,253.01 |
| Bayeserigne fall | $3,741.68 |
| Bocar Diallo | $9,024.06 |
| Cheikh H. Dioume | $12,551.80 |
| Craig Adams | $4,922.21 |
| Demba Diaw | $17,711.04 |
| Djibril Samba | $17,711.04 |
| Evaristo Solis | $11,225.05 |
| Goumba Abdou Diokhane | $20,115.20 |
| Jermaina Subira | $7,483.37 |
| Khoular Casse | $22,096.09 |
| Mor Lo | $7,483.37 |
| Mamadou Ba | $13,632.28 |
| Mamadou Barry | $6,629.65 |
| Mamadou Diallo | $17,350.88 |
| Mamadou (aka Mamadm) Coulibaly | $12,596.88 |
| Mamadou (aka Malal) Sy | $15,550.07 |
| Modou Gueye | $11,225.05 |
| Mouhamadou L. Fall | $12,011.56 |
| Mamadou Ly | $11,225.05 |
| Serigne Kebe | $15,550.07 |
| Sheldon King | $3,741.68 |
| Kalidou Diarra | $10,540.12 |
| The Law Office of Justin A. Zeller, P.C. | $70,000.00 |